[No. 12794.    In Bank. — April 22, 1889.]
GEORGE HEINTZEN, RESPONDENT, *v.* EMANUEL M. BINNINGER, APPELLANT.

WATER RIGHTS — PLEADING — PRESCRIPTIVE RIGHT — USUFRUCTUARY RIGHT TO THE USE. — An allegation that for ten years prior to the commencement of the action, the plaintiff "had the undisputed usufructuary right to the use of the waters" of a certain stream, does not allege a right to the use of the waters acquired by prescription.

APPEAL from a judgment of the Superior Court of Yuba County.

The facts are stated in the opinion.

*Forbes & Dinsmore,* for Appellant.

*William G. Murphy,* for Respondent.

FOOTE, C. —This was an action brought for the purpose of restraining the defendant from interfering with the flow of the waters of a stream, a part of which ran into the plaintiff's water ditch, and for damages for such interference.

The plaintiff alleged that he " for more than five years immediately prior to the diversion of said water as hereinafter stated, to wit, for ten years, *had* the undisputed usufructuary right to the use of all the waters of Little Dry Creek, above plaintiff's said land, to the extent of the full capacity of a certain ditch holding about two hundred inches of water measured under a four-inch pressure, and running to plaintiff's said lands, across lands now owned by August Schultz, and taking water from said Little Dry Creek, about two hundred yards due south from the Marysville and Camptonville road."

It is then alleged that the defendant erected a dam above the said ditch, and diverted the water from the ditch of plaintiff, etc. Damages are claimed, an abatement of the dam as a nuisance is prayed for, and an injunction preventing its maintenance or erection.

A demurrer was filed to the complaint, upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, the defendant answered, and judgment was had for the plaintiff for seventy-five dollars damages, from which this appeal is taken.

As a reason why the judgment should be reversed, the defendant claims, among other matters, that although the plaintiff attempted to allege in his complaint that the defendant had interfered with water rights obtained by prescription, the language of that pleading would not bear such a construction. In this we agree.

What is an "undisputed usufructuary right to the use" of water, had by an individual for ten years? It is not necessarily a right acquired by adverse possession, which element must exist in order that the complaint should be held to have stated a cause of action.

A tenant may have from his landland an undisputed right to use water belonging to the latter, and may do so by his license, in an undisputed manner for ten years, but this possession of the use is not necessarily adverse because undisputed.

A usufructuary right is the right of using and enjoying the profits of a thing belonging to another, without impairing the substance. (Webster's Dictionary.)

This amounts to nothing more, at best, than the right to use the water of another, but is not an allegation of a continued adverse usage or exercise of a right. The plaintiff might have claimed such a right for twenty years, but if he did not exercise it adversely, he could not have set the statute of limitations in motion to protect him. We think the demurrer should have been sustained.

For the reasons above stated, we advise that the judgment be reversed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed.